UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DANIEL RICHARD HALL, III, ) | |
| ) | Case No. 1:24-cv-301 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| SULLIVAN COUNTY JAIL, et al., ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM AND ORDER**

Plaintiff, a Sullivan County Jail inmate, filed a pro se complaint for violation of 42 U.S.C. § 1983 regarding his confinement in the Sullivan County Jail (Doc. 1) and a motion for leave to proceed *in forma pauperis* (Doc. 4). For the reasons set forth below, Plaintiff's motion (*Id.*) will be **GRANTED**, and this action will be **DISMISSED**.

**I.  FILING FEE**

It appears from Plaintiff's motion and prisoner trust account documents (*Id.*) that he cannot pay the filing fee in one lump sum. Accordingly, his motion (Doc. 4) is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A) and(B).

Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to both the custodian of inmate accounts at Plaintiff's current institution and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief

"above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B.     Allegations**

In the complaint, which Plaintiff filed on August 12, 2024 (Doc. 1, at 5), Plaintiff first claims that Defendant Officer Harless "put [Plaintiff] in the hole for smiling at him" (*Id.* at 3–4). Plaintiff also states that he was taken from Sullivan County Jail and told he was being given a ride home, but an unspecified officer instead took him to Mosheim in Greene County, which was far from his home in Kingsport (*Id.* at 4). The officer told Plaintiff he would be picked up from Mosheim and taken home, so he waited eight hours for a ride (*Id.*). But after Plaintiff spent the day on the phone with the Sullivan County Jail, he was told he would be left "stranded" where the officer dropped him off (*Id.*). Plaintiff states that he believes Lt. Cole may have had something to do with this event, but he is not sure (*Id.*).

Plaintiff has sued the Sullivan County Jail, Officer Harless, and Sgt. Rouse (*Id.* at 1, 3). As relief, Plaintiff requests that the Court make sure that (1) no inmate is put in "in the hole (segregation) for smiling" and (2) if the Sullivan County Jail says it is giving an inmate a ride home, it does so, rather than leaving the inmate stranded in a different town (*Id.* at 5).

**C.     Analysis**

**1.     Segregation**

Plaintiff's allegation that Defendant Harless placed him "in the hole," which he clarifies is segregation, because Plaintiff smiled at this Defendant (*Id.* at 3–5) fails to state a claim upon

3

which relief may be granted under §1983. First, to the extent that Plaintiff asserts that Defendant Harless's decision to discipline him for smiling at this Defendant was improper, that allegation fails to plausibly allege a constitutional violation. *Wolff v. McDonnell*, 418 U.S. 539, 564–71 (1974) (providing that inmates do not have the right to be free from charges or convictions for prison disciplinary offenses); *Person v. Campbell*, No. 98–5638, 1999 WL 454819, at *1 (6th Cir. June 21, 1999) ("[T]he filing of false disciplinary charges against an inmate does not constitute a constitutional violation redressable under § 1983.").

Further, to the extent that Plaintiff alleges that his placement in segregation for the act of smiling at Defendant Harless was a violation of his constitutional right to due process, he has not set forth facts from which the Court can plausibly infer that this placement affected the duration of his sentence or amounted to an "atypical and significant hardship" relative to the ordinary circumstances of his confinement, such that it could rise to the level of a due process violation. *Sandin v. Conner*, 515 U.S. 472, 486–87 (1995) (holding that a prisoner is entitled to due process when a sanction "will inevitably affect the duration of his sentence" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

Accordingly, Plaintiff's assertion that Defendant Harless placed him in segregation due to him smiling at this Defendant fails to state a claim upon which relief may be granted under § 1983.

### 2. Ride

Plaintiff also claims that after unspecified officers told him he was going to be taken home from Sullivan County Jail, an unnamed officer left him "stranded" in a different town far from his home, specifically Mosheim, which is in Greene County (Doc. 1, at 4). Plaintiff states that he never received a ride home from Mosheim, even though (1) the officer who dropped

4

Plaintiff off there told him that another officer would pick him up, and (2) Plaintiff called Sullivan County Jail about this event (*Id.*). Plaintiff speculates that Lt. Cole may have been involved in this incident (*Id.*).

However, the Court takes judicial notice that in June 2024, which is more than a month prior to Plaintiff filing his complaint herein (*Id.* at 5), Plaintiff filed a separate complaint asserting a § 1983 claim against Defendant Rouse for an unspecified officer leaving Plaintiff in Mosheim after unnamed officers told Plaintiff he was being taken home from Sullivan County Jail. *Hall v. Rouse, et al.*, 1:24-CV-271-CEA-SKL, Doc. 1, at 3–5 (E.D. Tenn. filed June 29, 2024).

It is apparent Plaintiff's allegations against Defendant Rouse in this case substantially duplicate those underlying his prior lawsuit (*See generally* Doc. 1). As such, this action is duplicative. *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997) (providing that, to be duplicative, a case "'must be materially on all fours with the other . . . . [T]he issues 'must have such an identity that a determination in one action leaves little or nothing to be determined in the other.'").

Federal courts try to avoid "duplicative litigation." *Id.* at 360 (citing *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976)). Accordingly, the Court will **DISMISS** this claim as malicious. *Sanders v. Washington*, 582 F. Supp. 3d 543, 548 (W.D. Mich. 2022) (collecting cases that "conclude that a 'duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious' for prisoners suing governmental entities and those proceeding *in forma pauperis*" (citing *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021))); *Skudnov v. U.S. Dep't of HUD*, No. 3:15-CV-100-JHM, 2015 WL

3892422, at *3 (W.D. Ky. June 24, 2015) (finding "[a] complaint is malicious when it 'duplicates allegations of another [ ]federal lawsuit by the same plaintiff'") (citation omitted).

### 3. Sullivan County Jail

While it is somewhat unclear, it appears that Plaintiff may have named the Sullivan County Jail as a Defendant in this action (Doc. 1, at 1, 3). To the extent that he did so, however, this is not an entity subject to suit under § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Accordingly, the Sullivan County Jail is **DISMISSED**.

And while Sullivan County, which runs the Sullivan County Jail, is an entity subject to suit under § 1983, a complaint must plausibly allege that the policies or customs of a municipality caused a constitutional rights violation to state a claim upon which relief may be granted under § 1983 against such an entity. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Plaintiff's complaint does not do so. Accordingly, the Court will not construe Plaintiff's complaint as against Sullivan County.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, (1) it fails to state a claim upon which relief may be granted under § 1983 as to his claims against Defendant Harless and Sullivan County Jail and (2) is duplicative as to his claim against Defendant Rouse;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and as malicious; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**